UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JEFFREY A. BIVENS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:20-CV-316-JRG-CHS |
| CENTURION, TONY PARKER, and DR. CAMPBELL, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 that is proceeding as to Plaintiff's claims that Defendants have denied him adequate medical care in violation of his constitutional rights [*See* Doc. 5 at 6]. Defendants Centurion of Tennessee, LLC ("Centurion") and Dr. Orville Campbell ("Dr. Campbell") have each filed motions to dismiss Plaintiff's claims against them [Docs. 15 and 19]. Plaintiff has submitted responses in opposition to the motions [Docs. 21-24, 26], and the moving Defendants have each filed a reply thereto [Docs. 28 and 29]. Having fully considered the parties' arguments and the applicable law, the Court finds that the motions to dismiss [Docs. 15 and 19] should be **DENIED**, for the reasons set forth below.

**I.      MOTION TO DISMISS STANDARD**

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*.

at 679.  When considering a plaintiff's claims, all factual allegations in the complaint must be taken as true.  *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

## II.     PLAINTIFF'S RELEVANT ALLEGATIONS

Plaintiff, an inmate housed in the Bledsoe County Correctional Complex ("BCCX"), has been prescribed an acid inhibiting medication for treatment of Gastroesophageal reflux disease ("GERD") since 2002 by various physicians of the Tennessee Department of Correction ("TDOC") [Doc. 1 at 3].  For the past five years, he has been prescribed omerprazole, the generic form of Prilosec, which he claims is "[a] more effective form of treatment with positive results and less harm to his body" [*Id.*].

Plaintiff contends that he was advised at a chronic care visit on July 9, 2020, that his omerprazole prescription was denied as unnecessary by Dr. Campbell despite approval of the medication by BCCX's on-site physician [*Id.* at 3-5, 7].  Plaintiff claims that he filed a grievance against Health Services Administrator Katie Campbell and Dr. Campbell for refusing to provide him adequate medication [*Id.* at 4].

Plaintiff maintains that TDOC Policy 113.70, states that "[a]ll OTC (Over-the-Counter) medications listed on the approved OTC list, and available at the site, shall be obtained by the inmate via commissary, unless the inmate is determined to be indigent by the Health Administrator, or their designee" [*Id.* at 6].  Plaintiff contends that this policy is unconstitutional, as purchasing an effective dose of a chronically needed medication off commissary requires the inmate to choose between living necessities and medical care [*Id.*].  Plaintiff also alleges that the policy removes medical supervision for inmates taking medications for chronic illness [*Id.*].  Plaintiff contends that Centurion deliberately manipulates the policy in order to cut cost and increase profits, while TDOC implemented and retains the policy to increase its revenue [*Id.*].

### III.     DEFENDANTS' ALLEGATIONS

Defendant Centurion argues that Plaintiff's claim against it should be dismissed because Plaintiff failed to exhaust his available administrative remedies prior to filing suit [Doc. 15 at 2]. Next, Centurion claims that the allegations in Plaintiff's complaint fail to state a claim against it under § 1983 [*Id*. at 3].  Finally, Centurion contends that Plaintiff's claim sounds in negligence, and thus, the Court should dismiss it due to Plaintiff's failure to comply with the Tennessee Health Care Liability Act ("THCLA") [*Id*. at 3-4].

Dr. Campbell also maintains that Plaintiff has failed to state a § 1983 claim against him, and that Plaintiff's claim is properly governed by the THCLA [Doc. 19 at 2-3].

### IV.     DISCUSSION

#### A.     Failure to State a Claim under § 1983

Plaintiff's allegation that Defendants denied him proper medical care implicates the Eighth Amendment's prohibition against cruel and unusual punishment, which proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  The Eighth Amendment "forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs."  *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) (internal quotation marks omitted).  An Eighth Amendment claim for the denial of adequate medical treatment is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994).  This subjective state of deliberate indifference requires a plaintiff to show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts

3

from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

However, the fact that a prisoner might disagree with the adequacy of care given does not implicate the Constitution. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1996). This is because "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Id.* Thus, differences in the opinions of inmates and medical personnel regarding the appropriate treatment, even where the prisoner is ultimately misdiagnosed and therefore inadequately treated, is not enough to state a claim of deliberate indifference. *See, e.g., Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997). Accordingly, deliberate indifference requires a mental state amounting to criminal recklessness — negligence is insufficient. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40).

1. **Centurion**

Defendant Centurion states that Plaintiff concedes that Centurion is following TDOC policy 113.70 in denying him prescribed medication and argues that Plaintiff has failed to demonstrate that Centurion has violated his constitutional right as a result of its official policy or custom [Doc. 15 at 3].

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, to demonstrate municipal liability, a plaintiff must identify a municipal policy or custom and show that his particular injury was incurred due to the execution of that policy. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation and quotation marks omitted). Plaintiff's claim against Centurion, a

4

private corporation providing medical care to inmates in various penal institutions, is assessed with the same municipal-liability standards. *See Thomas v. Coble*, 55 F. App'x 748, 448-49 (6th Cir. 2003); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1994). Accordingly, to prevail on a § 1983 claim against Centurion, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).

The Court finds Centurion's arguments without merit. Plaintiff alleges in his complaint that Centurion manipulates TDOC policy in order to remove inmates from their prescription medication and reduce medical supervision of those medications in order to cut costs and increase profits [*See, e.g.*, Doc. 1 at 5-6]. He also maintains that the decision of whether an inmate is indigent, and thus exempt from having to purchase OTC medication under TDOC policy, is left to Centurion's Health Administrator or their designee [*Id.*]. Accordingly, as the Court stated in its screening order, Plaintiff's complaint sufficiently alleges that he has been denied adequate medical care due to a policy or custom of Centurion.

### 2. Dr. Campbell

In his motion to dismiss for Plaintiff's failure to state a claim under § 1983, Dr. Campbell argues that Plaintiff's allegations fail to establish the subjective component of the deliberate indifference test [Doc. 18 at 4-5]. Dr. Campbell notes that Plaintiff alleges that he discontinued Plaintiff's medication and medical supervision "with no actual knowledge" of Plaintiff's needs [*Id.* at 5, citing Doc. 1 at 5]. Dr. Campbell argues that this allegation is insufficient to establish that he "subjectively perceived a risk of harm and then disregarded it." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Estelle*, 429 U.S. at 106). Dr. Campbell also avers that he cannot be held constitutionally liable for "merely following the mandatory policy" of TDOC regarding OTC medications [Doc. 18 at 6].

5

In his complaint, Plaintiff maintains that an onsite provider twice wrote Plaintiff a renewal for his prescription, and that it twice was denied by Dr. Campbell "with no actual knowledge of the patient or the patient's needs" [Doc. 1 at 5, 7]. First, the Court finds that Dr. Campbell cannot insulate himself from constitutional liability by claiming he was merely following TDOC policy; constitutional requirements for medical care do not hinge upon compliance with TDOC policy. Second, while Plaintiff's allegations are insufficient to necessarily establish that Dr. Campbell denied his prescription knowing that Plaintiff would be harmed, Plaintiff has alleged that Dr. Campbell either had subjective knowledge or failed to obtain any knowledge about the health issues warranting the local provider's repeated submission of Plaintiff's prescription request. Either way, the Court finds that at this stage of the litigation, Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Dr. Campbell. *See Farmer*, 511 U.S. at 843 n.8 (noting official "may not escape liability if the evidence showed he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist").

### B. Exhaustion of Remedies

Defendant Centurion also alleges that Plaintiff's claims against it should be dismissed because Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act [Doc. 16 at 3]. Specifically, Centurion maintains that Plaintiff "failed to grieve any conduct or policy of Defendant Centurion of Tennessee, LLC, instead focusing solely on Health Services Administrator Katie Campbell and 'Dr. Campbell'" [*Id.*]. Plaintiff's grievance records are attached to Centurion's motion.[1]

---

[1] Because exhaustion of administrative remedies is an affirmative defense that the defendant must plead and prove, the Court finds summary judgment the more appropriate vehicle for raising this defense. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *see also Anderson v. Jutzy*, 175 F. Supp. 3d 781, 787 (E.D. Mich. 2016) ("The summary judgment motion is especially well

Plaintiff claims to have fully exhausted his administrative remedies, asserting that he "presented the facts related to his complaint to the state prisoner grievance procedure" [Doc. 1 at 3, 5]. Plaintiff avers that the grievance stated his diagnosis and health issues, and it tied the denial of his medications to the cost-cutting practices of TDOC and Centurion [*Id*. at 5]. Therefore, the Court finds that Plaintiff has alleged that he grieved the facts forming the basis of his § 1983 complaint. Centurion has not produced any proof indicating that further specificity was required to comply with the administrative grievance process. Therefore, Centurion's motion to dismiss on this ground will be denied.

### C. Tennessee Health Care Liability Act

Finally, Defendants Centurion and Dr. Campbell maintain that Plaintiff's complaint should be dismissed because it is rooted in the Tennessee Health Care Liability Act, and Plaintiff has not complied with its pre-suit notice and certificate of good faith requirements [Doc. 15 at 3-4 and Doc. 19 at 3, each citing Tenn. Code Ann. § 29-26-121 (written notice of claim) and § 29-26-122 (certificates of good faith)]. However, Plaintiff's complaint clearly states his intention to pursue a constitutional claim for the denial of medical care [Doc. 1 at 2]. Accordingly, the THCLA is not implicated and this issue is without merit. Centurion and Dr. Campbell's motions to dismiss on this ground will be denied.

### V. CONCLUSION

For the reasons set forth above, Defendants Centurion and Dr. Campbell have failed to demonstrate that they are entitled to be dismissed from this action. Accordingly, their respective

---

suited to pretrial adjudication of an exhaustion defense, because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence."). Regardless, consideration of these records does not alter the Court's conclusion as to this issue [*See* Doc. 15-1].

motions [Docs. 15 and 19] are **DENIED**, and these Defendants are **ORDERED** to file an answer or other responsive pleading to Plaintiff's complaint within twenty-one (21) days of entry of this order.

Further, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE